1  LEWIS J. SOFFER (Bar No. 83907)
   MILLER STARR REGALIA
2  A Professional Law Corporation
   1331 N. California Blvd., Fifth Floor
3  Post Office Box 8177
   Walnut Creek, California 94596
4  Telephone:    925 935 9400
   Facsimile:     925 933 4126
5  Email: Lewis.Soffer@msrlegal.com

6  Attorneys for Defendants
   Directory Assistants, Inc., Richard Sica, and David M.
7  Ford

E Filing

FILED

AUG  1 0 2012

RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
11  Hi-Tech Termite Control of the Bay Area,        Case No.  C12-4212  MMC
    Inc., a California Corporation,
12                                                   NOTICE OF REMOVAL OF CIVIL ACTION
                Plaintiff,
13
14          vs.

15  Directory Assistants, Inc.; Richard Sica, an
    individual; David M. Ford, an individual;
16  and DOES 1-25,

17              Defendants.

18          Defendants Directory Assistants, Inc., Richard Sica and David M. Ford, submit this notice

19  of removal of this civil action from the Superior Court of California, County of Alameda pursuant

20
    to 28 U.S.C. §§ 1332 and 28 U.S.C. §§ 1441 et seq.
21

22                          **GROUNDS FOR REMOVAL**

23          1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C.

24  § 1332 based upon diversity because the plaintiff is, and was at the time of filing the attached

25  complaint, a California corporation with its principal place of business in Hayward, California,

26  and the Defendants are, and were when the complaint was filed, residents and/or citizens of the

27  State of Connecticut. Defendant Directory Assistants, Inc. is a Connecticut corporation with its

28  principal place of business in Glastonbury, Connecticut. The plaintiff in its complaint seeks to

LJS\99999\879251.1                          -1-

1  recover unliquidated damages for fraud, punitive damages, attorneys' fees, and injunctive relief,

2  the sum of which exceeds $75,000, exclusive of interest and costs.

3          2.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed

4  within thirty (30) days of Defendants' receipt of the summonses and complaint. (See Tab 1.) No

5  other process, orders or pleadings have been served in the action.

6          3.      True and correct copies of a separate Notice to State Court of Removal of

7  Civil Action will be served upon the plaintiff's counsel and filed with the Clerk of the Superior

8  Court of the State of California, Alameda County, California pursuant to 28 U.S.C. § 1446(d).

9          4.      In filing this notice, the Defendants do not waive any defenses available to

10  them in this action or any right it may have to arbitration.

11          5.      Defendants demand a jury trial.

12          WHEREFORE, the Defendants respectfully give notice to this Court of the

13  removal of this action from the Superior Court of the State of California, Alameda County,

14  California in accordance with the foregoing legal authorities.

15  Dated: August 9, 2012                    MILLER STARR REGALIA

16

17                                          By: _____

18                                          LEWIS J. SOFFER
                                            Attorneys for Defendants
19                                          Directory Assistants, Inc., Richard Sica, and
                                            David M. Ford

20

21

22

23

24

25

26

27

28

LJS:999999\79251.1                          -2-

NOTICE OF REMOVAL OF CIVIL ACTION

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Directory Assistance, Inc., a Connecticut corporation; Richard Sika, an
individual; David Ford, an individual, and DOES 1 - 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Hi-Tech Termite Control of the Bay Area, Inc.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 8 2012

CLERK OF THE SUPERIOR COURT
By Jennifer Daley, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hayward Hall of Justice/Superior Court of Alameda County
Northern District
24405 Amador Street
Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*
HG12639671

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEWIS BRISBOIS BISGAARD & SMITH, LLP     T: 213.250.1800; F: 213.250.7800
Craig Holden, Esq.
221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012

| DATE: OCT 18 2012 | Clerk, by | JENNIFER DALEY | , Deputy |
|---|---|---|---|
| *(Fecha)* PAT S. SWEETEN | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Directory Assistance, Inc., a *
3. ☒ on behalf of *(specify):* Directory Assistance Inc., a Connecticut corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

A True Copy   Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

*Code of Civil Procedure §§ 412.20, 465*
*www.courtinfo.ca.gov*

Attest by Process Server
Christina L. Moran

Tab 1



SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Directory Assistance, Inc., a Connecticut corporation; Richard Sika, an individual; David Ford, an individual, and DOES 1 - 25,

ENDORSED
FILED
ALAMEDA COUNTY

JUL 18 2012

CLERK OF THE SUPERIOR COURT
By Annabal Daley, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Hi-Tech Termite Control of the Bay Area, Inc.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hayward Hall of Justice/Superior Court of Alameda County
Northern District
24405 Amador Street
Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):*
**HG12639671**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEWIS BRISBOIS BISGAARD & SMITH, LLP     T: 213.250.1800; F: 213.250.7900
Craig Holden, Esq.
221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012

DATE: JUL 18 2012    Clerk, by JENNIFER DALEY, Deputy
*(Fecha)*    PAT S. SWEETEN    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| [SEAL] | 1. ☒ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation) | ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation) | ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership) | ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

A true copy
Attest:

Process Server
Christine L. Feray



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Directory Assistance, Inc., a Connecticut corporation; Richard Sika, an individual; David Ford, an individual, and DOES 1 - 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Hi-Tech Termite Control of the Bay Area, Inc.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 8 2012

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Hayward Hall of Justice/Superior Court of Alameda County<br>Northern District<br>24405 Amador Street<br>Hayward, CA 94544 | **CASE NUMBER:**<br>*(Número del Caso):*<br>HG12639671 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEWIS BRISBOIS BISGAARD & SMITH, LLP      T: 213.250.1800; F: 213.250.7900
Craig Holden, Esq.
221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012

| | | | |
|---|---|---|---|
| DATE: JUL 18 2012<br>*(Fecha)* | PAT S. SWEETEN | Clerk, by JENNIFER DALEY<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Process Server
Christine L. Heran

1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
CRAIG HOLDEN, SB# 174643
2 |   E-Mail: cholden@lbbslaw.com
221 North Figueroa Street, Suite 1200
3 | Los Angeles, California 90012
Telephone: 213.250.1800
4 | Facsimile: 213.250.7900

5 | Attorneys for Plaintiff, Hi-Tech Termite Control
of the Bay Area, Inc.

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 0 2012

CLERK OF THE SUPERIOR COURT
By Jennifer Daley, Deputy

COPY

FAXED

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA, HAYWARD HALL OF JUSTICE

11 | HI-TECH TERMITE CONTROL OF THE
BAY AREA, INC., a California corporation,

    Plaintiff,

vs.

DIRECTORY ASSISTANTS, INC., a
Connecticut corporation; RICHARD SICA, an
individual; DAVID M. FORD, an individual,
and DOES 1 - 25

    Defendants.

CASE NO.    **H G 1 2 6 3 9 6 7 1**

**COMPLAINT FOR:**

1) **FRAUD;**

2) **NEGLIGENT MISREPRESENTATION;**

3) **UNFAIR AND UNLAWFUL BUSINESS PRACTICES** *(Cal. Bus. & Prof. Code §§ 17200 and 17500 et sec.);* and

4) **DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

20 |     Plaintiff, Hi-Tech Termite Control of the Bay Area, Inc., brings this complaint for fraud,

21 | negligent misrepresentations, unfair and unlawful business practices, and declaratory relief against

22 | Defendants, Directory Assistance, Inc., Richard Sica, David M. Ford, and DOES 1-25, inclusive

23 | (collectively "Defendants"), alleging and averring as follows:

24 | **PARTIES**

25 |     1.     Plaintiff, Hi-Tech Termite Control of the Bay Area, Inc., is a California corporation

26 | with its principal place of business at 21063 Cabot Boulevard, Suite 6, Hayward, California (zip

27 | code cut off.

28 |     2.     Defendant, Directory Assistance, Inc., is a Connecticut corporation with its

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

4823-4281-9856.1

COMPLAINT

1  principal place of business at 500 Winding Brook Drive, Glastonbury, Connecticut.

2      3.      Defendant, Richard Sica, is a senior manager with Directory Assistance, Inc., and a

3  resident of the state of Connecticut.

4      4.      Defendant, David M. Ford, is President of Directory Assistance, Inc., and a resident

5  of the state of Connecticut.

6      5.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein

7  under fictitious names DOES 1 through 25, inclusive. Plaintiff will seek leave of the Court to

8  amend this complaint to allege such names and capacities when they are ascertained. Plaintiff is

9  informed and believes, and based thereon alleges, that each of the fictitiously named DOE

10 defendants is responsible in some manner for the wrongful conduct alleged herein. Plaintiff

11 further alleges that each defendant acted in concert with, as agent or representative for, or at the

12 request of or on behalf of another. Each charging allegation and cause of action contained herein

13 is, therefore, hereby alleged against each fictitiously named DOE defendant, and DOES 1 through

14 25, inclusive, along with the named defendants are collectively referred to herein as "Defendants."

15     6.      At all times mentioned herein, Defendants and each of them were the agents,

16 representatives, employees, co-conspirators, successors and/or assigns each of the other, and were

17 acting within the course and scope if their authority as such agents, representatives, employees,

18 co-conspirators, successors and/or assigns, and each Defendant ratified and approved the acts of

19 its, his or her agent, and/or that of the remaining Defendants and each of them.

20                                **JURISDICTION AND VENUE**

21     7.      The amount in controversy herein exceeds the jurisdictional minimum of this state

22 Court. This Court has specific personal jurisdiction over the Defendants, as they have purposely

23 committed within the state of California the acts from which these claims arise and have

24 committed tortious acts outside California, knowing and intending that such acts would cause

25 injury to Plaintiff within the state of California. Plaintiff is informed and believes, and based

26 thereon alleges, that the Court also has general personal jurisdiction over Defendants, as they

27 conduct continuous, systematic, and routine business within the state of California.

28     8.      Venue is proper in this county as the acts, events, and transactions which form the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-4281-9856.1

2

COMPLAINT

1  basis of this complaint took place within this county, including within the district of this Court.

2  ## ALLEGATIONS COMMON TO ALL CLAIMS

3  9.     Plaintiff is a successful termite control business that uses advanced technology and

4  environmentally-friendly, state approved chemicals to combat termite infestations in Northern

5  California Bay Area homes, businesses and industrial properties.  Plaintiff advertises in, among

6  other places, phone books such as the Yellow Pages, and has developed and had a successful

7  advertising campaign in the phone book that has been cost-effective for many years.

8  10.     Directory Assistance, Inc., purports to be in the business of helping businesses

9  reduce their phone book advertising costs and obtain more value from their phone book

10  advertisements.  In November 2011, Directory Assistants, Inc.'s senior manager, Defendant

11  Richard Sica, initiated a "cold [phone] call" to Plaintiff's office to solicit Plaintiff into doing

12  business with Directory Assistance, Inc.  In November 2011, Defendant Richard Sica, on behalf of

13  Directory Assistance, Inc., flew from Connecticut to Hayward, California, to meet with the owner

14  and representatives of Plaintiff and solicit Plaintiff into doing business with Directory Assistance,

15  Inc., concerning local phone book advertisements that were already published and in circulation

16  and that were to be published and circulated in the future in the Bay Area of Northern California.

17  11.     During his November 2011 visit with Plaintiff in Hayward, California, Mr. Sica, on

18  behalf of Directory Assistance, Inc., with their full knowledge, participation and ratification, made

19  numerous false, misleading and fraudulent representations concerning the nature of the services

20  Directory Assistance, Inc., could provide for Plaintiff, including without limitation the following:

21      a)  Directory Assistance, Inc., had insider knowledge of the lowest rates that would

22         be charged for regular and preferred customers of phone book companies,

23         including inside relationships with the phone book employees that would

24         negotiate such rates, and that Directory Assistants, Inc. would negotiate and

25         obtain the lowest available rates on existing and future identical ads for

26         Plaintiff's advertising in the local Bay Area phone books;

27      b)  Directory Assistants, Inc. has proprietary technology including registered

28         intellectual property rights that were exclusive to them, including



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-4281-9856.1

3

1  methodologies that were unique and not available elsewhere, that would be

2  used to help Plaintiff achieve savings on its phone book advertisements;

3  c) Directory Assistants, Inc. would achieve a cost savings between 40-80% off of

4  Plaintiff's existing phone book advertisements in the Bay Area without

5  downsizing, modifying or altering the size, nature or character of the ads, but

6  by utilizing their inside information with the phone book companies, their

7  inside relationships and proprietary methodologies; defendants would negotiate

8  new and better rates for existing and identical future advertisements of Plaintiff

9  in Bay Area phone books between 40 to 80%; defendants would not charge

10  Plaintiff for any of its services unless the net total advertising expenditures for

11  Plaintiff's phone book advertisements that defendants worked on and

12  negotiated, and that resulted in a total net savings to Plaintiff; and defendants

13  would then only charge a percentage of the savings achieved on the net total

14  advertising expenditures for Plaintiff's phone book advertisements that

15  defendants worked on and negotiated, and that resulted in a total net savings to

16  Plaintiff;

17  12.  Defendants' representations above were false, and they knew they were false when

18  made, and they were made with the intention to deceive and induce Plaintiff into doing business

19  with Directory Assistance, Inc.  Plaintiff is informed and believed and based thereon alleges that

20  Directory Assistance, Inc.'s business model is based upon the foregoing misrepresentations.

21  13.  Contrary to the above misrepresentations, Directory Assistance, Inc., did not

22  perform and never intended to perform the promises they represented they would perform above.

23  14,  In furtherance of their fraud, Defendant Sica, on behalf of Directory Assistance,

24  Inc., misled plaintiff into signing four different versions of Defendants' boilerplate consulting

25  contract – which is substantively and procedurally unconscionable – and mislead Plaintiff into

26  believing that the final version he signed was accepted by Defendants.  Specifically, Defendants'

27  form consulting contract allowed for hand-written modifications and Plaintiff signed Defendants

28  consulting contract on or about November 15, 2011 with hand-written modifications thereto,



4

COMPLAINT

1   effectively making it a contractual counter-offer that required Defendants to convey their signed

2   acceptance of same (hereinafter "First Counter-Offer"). Defendants immediately rejected

3   Plaintiff's First Counter-Offer.

4        15.    Immediately after executing the First Counter-Offer, on or about November 15,

5   2011, Plaintiff made and conveyed to Defendants further hand-written modifications to

6   Defendants' form consulting contract, effectively making it a contractual counter-offer that

7   replaced the First Counter-Offer, and required Defendants to convey their signed acceptance of

8   same (hereinafter "Second Counter-Offer"). Defendants rejected Plaintiff's Second Counter-

9   Offer, and suggested to Plaintiff what modifications would be acceptable.

10       16.    Immediately after executing the Second Counter-Offer, on or about November 15,

11  2011, Plaintiff made and conveyed to Defendants further hand-written modifications to

12  Defendants' form consulting contract, effectively making it another contractual counter-offer that

13  replaced the Second Counter-Offer, and required Defendants to convey their signed acceptance of

14  same (hereinafter "Third Counter-Offer"). Defendants immediately rejected Plaintiff's Third

15  Counter-Offer, and suggested to Plaintiff what modifications would be acceptable.

16       17.    Immediately after executing the Third Counter-Offer, on or about November 15,

17  2011, Plaintiff made and conveyed to Defendants further hand-written modifications to

18  Defendants' form consulting contract, effectively making it another contractual counter-offer that

19  replaced the Third Counter-Offer, and required Defendants to convey their signed acceptance of

20  same (hereinafter "Fourth Counter-Offer"). On or about November 15, 2011, Defendants

21  represented to Plaintiff that they would accept his Fourth Counter-Offer, but never conveyed their

22  signed written acceptance, and never returned a signed copy of the Fourth Counter-Offer to

23  Plaintiff.

24       18.    Unbeknownst to Plaintiff, Defendants purported to execute the retracted Third

25  Counter-Offer of Plaintiff, on or about January 9, 2012, but never conveyed their execution of this

26  null, void and retracted Third Counter-Offer to Plaintiff and instead continued to misrepresent to

27  Plaintiff that they had accepted his Fourth Counter-Offer. In or around May 2012, after Plaintiff

28  confronted Defendants concerning their misrepresentations and wrongful conduct, Defendants sent


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-4281-9856.1                              5.
                                      COMPLAINT

1   Plaintiff for the first time via certified/registered mail, an executed copy of the already-retracted

2   Third Counter-Offer with a signature from Defendants' representative dated January 9, 2012.

3   Since that time, Defendants have attempted to enforce the retracted, null and void Third-Counter

4   Offer by proffering false and fraudulent invoices for services never rendered by Directory

5   Assistants, Inc.

6        19.    The Fourth Counter-Offer, which replaced, retracted and supplanted all prior

7   counter-offers, was never accepted and no contract was ever formed between the parties – yet

8   Defendants continued to misrepresent to Plaintiff that they accepted the Fourth Counter-Offer.

9   The difference between the Third and Fourth Counter-Offer are material, and pertain to Plaintiff's

10  indicated pre-disposed changes to the form consulting contract, namely, that Plaintiff wants to

11  maintain his use of full page advertisements in his phone book advertising.  Defendants mislead

12  Plaintiff into believing that this material modification in the Fourth Counter-Offer had been

13  accepted, but in truth, it never was; and Defendants rejected the terms of the Fourth Counter-Offer,

14  and instead fraudulently attempted to, and continue to try to enforce the retracted, null and void

15  Third Counter-Offer several months after it had been retracted by the Fourth Counter-Offer.

16       20.    Defendants representations above were false when made and they knew they were

17  false when made, and they were intended to deceive plaintiff.

18       21.    Plaintiff is informed and believes, and based thereon alleges, that Defendant David

19  Ford, with knowledge of the foregoing misrepresentations and fraudulent conduct, ratified and

20  approved of the above conduct as President of Directory Assistants, Inc., and has continued to

21  attempt to enforce the retracted, null and void Third-Counter Offer in order to extract monies from

22  Plaintiff.  In furtherance of the fraud, Plaintiff is informed and believes, and based thereon alleges,

23  that Defendant Ford has attempted to enforce the retracted, null and void Third-Counter Offer by

24  proffering false and fraudulent invoices for services never rendered by Directory Assistants, Inc.,

25  and for savings Directory Assistants, Inc. claims it obtained but that were never achieved.

26       22.    Defendants have engaged and continue to be engaged in a pattern of behavior

27  designed and intended to defraud and interfere with Plaintiff's business and to injure Plaintiff.

28  Plaintiff was and continues to be damaged as a result of Defendants unlawful conduct.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-4281-9856.1

**FIRST CAUSE OF ACTION**

**(FRAUD AGAINST ALL DEFENDANTS AND DOES)**

Hereunder plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 22.

24.    By virtue of their conduct alleged above, Defendants made misrepresentations of material fact which were in fact false when made.

25.    When Defendants made these misrepresentations (including omissions of material fact), Defendants knew they were false and/or had no reasonable ground for believing their representations were true.

26.    Defendants have ratified these fraudulent practices in order to obtain money from Plaintiff based upon the retracted, null and void Third Counter-Offer, and have billed Plaintiff with invoices that reflect services that were never rendered, and savings never achieved.

27.    Defendants engaged in the foregoing conduct and made the foregoing misrepresentations and omissions of material fact with the intent to defraud plaintiff.

28.    Plaintiff acted in justifiable reliance upon the truth of the misrepresentations, and was prevented from discovering concealed facts related to defendants misrepresentations.

29.    Defendants omitted, concealed and suppressed material facts with the intent to defraud plaintiff.  Plaintiff was unaware of the concealed and suppressed material facts.

30.    As a direct and proximate result of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, together with interest, costs and attorney's fees.

31.    In committing the aforementioned acts and omissions, Defendants are guilty of fraud, oppression and/or malice, for which Defendants, including each of them, should be punished with the imposition of punitive damages.

32.    Defendants' misrepresentations and attempts to enforce the retracted, null and void Third Counter-Offer have caused irreparable and incalculable injury to plaintiff and unless enjoined, could cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-4281-9856.1

7

COMPLAINT

1                          **SECOND CAUSE OF ACTION**

2    **(NEGLIGENT MISREPRESENTATION AGAINST ALL DEFENDANTS AND DOES)**

3         33.    Plaintiff realleges and incorporates herein by reference each and every allegation

4    set forth in Paragraphs 1 through 32, above.

5         34.    The misrepresentations (including omissions of material fact) made by defendants

6    as set forth herein were made by defendants without reasonable grounds for defendants to believe

7    the misrepresentations were true.

8         35.    Plaintiff acted in justifiable reliance on the misrepresentations and omissions of

9    material fact of defendants.  As a direct and proximate cause of the foregoing, plaintiff has

10    sustained damages in an amount to be determined at trial, together with interest, costs and

11    attorney's fees.

12         36.    Defendants' misrepresentations and attempts to enforce the retracted, null and void

13    Third Counter-Offer have caused irreparable and incalculable injury to plaintiff and unless

14    enjoined, could cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

15

16                         **THIRD CAUSE OF ACTION**

17    **(UNFAIR AND UNLAWFUL BUSINESS PRACTICES AND VIOLATION OF CAL. BUS.**
             **AND PROF. CODE SECTIONS 17200 AND 17500, ET SEQ. – AGAINST ALL**

18                            **DEFENDANTS AND DOES)**

19         37.    Plaintiff incorporates by reference all the allegations contained in Paragraphs 1

20    through 36, above.

21         38.    The acts, practices and conduct of defendants, as alleged above, constitute methods

22    of unlawful, fraudulent and unfair business practices as defined by *California Business and*

23    *Professions Code* section 17200 and 17500, et seq.

24         39.    The acts, practices and conduct of defendants, as alleged above, in this complaint

25    were and are likely to deceive or mislead the general public, including businesses within

26    California, and therefore constitute unfair business practices within the meaning of California

27    Business and Professions Code §§ 17200 and 17500, et seq.

28         40.    Defendants' acts of unlawful and unfair business practices have caused harm to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4823-4281-9856.1

8

COMPLAINT

1  plaintiff and plaintiff is informed and believes and based thereon alleges that such conduct has

2  caused harm to the general public and/or business community within California.  Defendants' acts

3  have caused plaintiff to suffer injury in fact and loss of money in an amount to be proven at trial.

4      41.    Defendants' unlawful and unfair business practices have also caused irreparable

5  and incalculable injury to plaintiff and unless enjoying, could cause further irreparable injury,

6  whereby plaintiff has no adequate remedy at law.

7      42.    Plaintiff is entitled to relief whereby defendant should be ordered to cease and

8  desist from engaging in its unlawful, deceptive and fraudulent business practices above.

9      43.    Plaintiff is further entitled to an injunction preventing defendants' continued acts of

10  unfair business practices as provided in California Business and Professions Code section 17203.

11                    **FOURTH CAUSE OF ACTION**

12          (DECLARATORY RELIEF – AGAINST DIRECTORY ASSISTANCE, INC.)

13      44.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1

14  through 43, above.

15      45.    An actual controversy has arisen and now exists between Plaintiff and Directory

16  Assistance, Inc., concerning their respective rights and duties in that Plaintiff contends there is no

17  contract that has ever formed via an offer and acceptance or a counter offer and acceptance

18  whereas defendants dispute these contentions and contends that a contract exists between Plaintiff

19  and Directory Assistants, Inc., despite its misrepresentations and misconduct alleged above.

20      46.    Plaintiff desires a judicial determination concerning the rights and duties of the

21  parties and a declaration as to the non-existence of any contract between Plaintiff and Directory

22  Assistants, Inc.

23      47.    A judicial declaration is necessary and appropriate at this time under the

24  circumstances in order that Plaintiff may ascertain the rights and duties of the parties, since

25  Defendants have and are attempting to enforce the retracted, null and void Third Counter-Offer.

26      48.    Plaintiff has and will continue to suffer damages as a result of Defendants'

27  fraudulent attempt to enforce the retracted, null and void Third Counter-Offer.

28      49.    Plaintiff seeks termination and rescission of any and all purported and putative

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-4281-9856.1

1  contracts between itself and Directory Assistance, Inc., based upon the aforementioned fraud and
2  the retracted and never accepted counter-offers described above. Plaintiff has not received any
3  benefit or consideration from defendants under the non-existent contracts or business relationship
4  but to the extent any such consideration was received Plaintiff has and/or will restore same.

5       WHEREFORE, Plaintiff prays for judgment against each defendant, jointly and severally:

6       1.      For an award of all general, special, compensatory and actual damages sustained by
7  Plaintiff by reason of Defendants' wrongful acts complained of herein.

8       2.      For an award of punitive and exemplary damages on account of defendants'
9  fraudulent, oppressive, and malicious conduct;

10      3.      For a declaration that no contract was ever formed and no contract exists between
11 Plaintiff and Directory Assistance, Inc., and for termination and recession of any putative contract;

12      4.      For entry of preliminary and permanent injunctive relief restraining and enjoining
13 Defendants, and all of their agents, representatives, employees, successors and assigns and all
14 persons in active concert or participation with any of them, from: (a) engaging in any of the
15 misrepresentations mentioned above, or unfair, unlawful and deceptive business practices
16 mentioned above; and (b) enforcing or attempting to enforce any the non-existent, retracted, null
17 and void non-executed contracts between Plaintiff and Directory Assistants, Inc. or any putative
18 contract that Directory Assistants, Inc. contend is or should be enforced against Plaintiff.

19      5.      For an award to Plaintiff of the costs and reasonable attorney's fees incurred;

20      6.      For an award of other and further relief as the court shall deem just and proper.

21

22 DATED: July 8, 2012                    Respectfully submitted,
                                         CRAIG HOLDEN
23                                       LEWIS BRISBOIS BISGAARD & SMITH LLP
24
25                                       By: _____
26                                           Craig Holden
27                                           Attorneys for Plaintiff, Hi-Tech Termite Control
                                             of the Bay Area, Inc.
28

4823-4281-9856.1                    10
                              COMPLAINT

A True Copy
Attest:

Process Server
Christine L. Foran

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP



1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial by jury in all issues triable in this action.

3

4    DATED: July 18, 2012                    Respectfully submitted,

5                                            CRAIG HOLDEN
                                             LEWIS BRISBOIS BISGAARD & SMITH LLP
6

7

8                                           By:
                                                Craig Holden
9                                               Attorneys for Plaintiff, Hi-Tech Termite Control
                                                of the Bay Area, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4823-4281-0856.1                          11
                                       COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>LEWIS BRISBOIS BISGAARD & SMITH, LLP<br>221 North Figueroa Streetr<br>Suite 1200<br>Los Angeles, CA 90012 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 213.250.1800    FAX NO.: 213.250.7900 | ENDORSED<br>FILED<br>ALAMEDA COUNTY |
| ATTORNEY FOR *(Name)*: Plaintiff, Hi-Tech Termite Control of the Bay Area, Inc. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | JUL 1 8 2012 |

STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME: Hi-Tech Termite Control et al. v. Directory Assistants et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **HG12639671**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☒ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief    c. ☒ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 17, 2012

Craig Holden
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

A True Copy
Attest:
_____
Process Server
Christine L. Doran

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Short Title: Hi-Tech Termite Control of the Bay Area, Inc. v Directory Assistants, et al.    Case Number:

### CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Hayward Hall of Justice (447)

[ ] Oakland, Rene C.Davidson Alameda County Courthouse (446)    [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| | | | | |
|---|---|---|---|---|
| Auto Tort | Auto Tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD /<br>WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort/ unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [X] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial | Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential | of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful Detainer - drugs | [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ]Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 08 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 08 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 08 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 08 | Change of name |
| | | [ ] | 69 | Other petition |



202-19 (5/1/00)

American LegalNet, Inc.
www.FormsWorkflow.com

LEWIS BRISBOIS BISGAARD &
SMITH LLP
Attn: HOLDEN, CRAIG
221 NORTH FIGUEROA ST #1200
LOS ANGELES, CA  90012

## Superior Court of California, County of Alameda

HI-TECH TERMITE CONTROL OF TH
**Plaintiff/Petitioner(s)**

VS.

DIRECTORY ASSISTANCE, INC.,
**Defendant/Respondent(s)**
(Abbreviated Title)

No. HG12639671

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/03/2012<br>Time: 09:00 AM | Department: 520<br>Location: Hayward Hall of Justice<br>3rd Floor<br>24405 Amador Street, Hayward CA 94544<br><br>Internet: http://www.alameda.courts.ca.gov | Judge:  David Hunter<br>Clerk:  Lindnell Williams<br>Clerk telephone:  (510) 690-2729<br>E-mail:<br>Dept.520@alameda.courts.ca.gov<br>Fax:  (510) 267-1531 |

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov.  No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.
†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2012.

By      Debra Furtado
                                       Deputy Clerk

                                       A True Copy
                                       Attest:

                                       Process Server
                                       Christine L. Form

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: HG12639671
Case Title:    HI-TECH TERMITE CONTROL OF TH VS DIRECTORY ASSISTANCE, INC.,
Date of Filing: 07/18/2012

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | David Hunter |
| Department: | 520 |
| Address: | Hayward Hall of Justice |
| | 24405 Amador Street |
| | Hayward CA 94544 |
| Phone Number: | (510) 690-2729 |
| Fax Number: | (510) 267-1531 |
| Email Address: | Dept.520@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(f) effective as of 10/11/2011). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE David Hunter
DEPARTMENT 520

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

If all parties agree to change a scheduled court date, the parties must first send a fax letter to Department 520 outlining the requested schedule change and then contact the Courtroom Clerk to schedule a telephone conference with the Court.

Please submit a courtesy copy of all filed documents directly to Department 520.

**Schedule for Department 520**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays, Tuesdays and Thursdays from 10:00 a.m. to 4:30 p.m. and Wednesdays from 10:00 a.m. to 4:00 p.m.

- Case Management Conferences are held: Mondays through Thursdays at 9:00 a.m.

- Law and Motion matters are heard: Fridays at 9:30 a.m.

- Settlement Conferences are heard: Fridays at 1:30 p.m.

- Ex Parte matters are heard: Mondays and Wednesdays at 9:30 a.m.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Phone:        (510) 690-2729

- **Ex Parte Matters**
  Phone:        (510) 690-2729

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 520

- Phone: 1-866-223-2244

Dated: 07/20/2012

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2012

By        _Debra Furtado_____
Deputy Clerk

Page 3 of 3

A True Copy
Attest:
Process Server
Christine L. Form

## PROOF OF SERVICE

*Hi-Tech Termite Control of the Bay Area, Inc. v. Directory Assistants, Inc., et al.*
Alameda County Superior Court, Case No. HG12639671

I, Karen Irias, declare:

I am a resident of the Unites States of America and over the age of eighteen years, and not a party to the within action; my business address is 1331 N. California Blvd., Fifth Floor, Post Office Box 8177, Walnut Creek, CA 94596. On August 9, 2012, I served the within documents:

### NOTICE OF REMOVAL OF CIVIL ACTION

| ☒ | **Via E-Mail:** by transmitting the document(s) listed above via email to the email address(es) set forth below by 5:00 p.m.(PST). |

| ☒ | **Via Mail:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below. |

| ☐ | **Via Electronic:** by uploading the document(s) listed above and e-filing said document(s) directly with the _____ Court's website at _____ before 5:00 p.m. (PST). |

| ☐ | **Hand-Delivery Via Courier:** by causing the document(s) listed above to be hand-delivered to the following person(s) at the address(es) set forth below. |

Craig Holden, Esq.
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa St., Suite 1200
Los Angeles, CA 90012
T: 213.250.1800
F: 213.250.7900
Email: cholden@lbbslaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2012, at Walnut Creek, California.

_____
Karen Irias

LJS\99999\879251.1                                  -3-

NOTICE OF REMOVAL OF CIVIL ACTION